## WIMMER v. HOAGE (AMERICAN MUT. LIABILITY INS. CO., Intervener).

### No. 6807.

United States Court of Appeals for the District of Columbia.
Argued March 15, 1937.
Decided March 29, 1937.

Vernon V. Baker, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., Norman B. Frost, and Frank H. Myers, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, J.

This is a compensation case. Claimant was a salesman in the employ of Brockway Motor Company, Inc., automobile distributors in the District of Columbia. The deputy commissioner declined to award compensation holding that, although the injury was sustained while claimant was in the employ of the employer, claimant failed to prove that it arose out of the employment.

The stipulated facts show that claimant was a truck salesman and on the day of the injury was attempting to sell one of his employer's trucks to L. F. Habel. The particular type of truck was not available in Washington, and claimant arranged to take Habel to Baltimore in his automobile for the purpose of inspection. Habel and claimant lunched together around midday and at about 3:30 or 4 o'clock began the automobile trip to Baltimore. Habel's brother was driving claimant's car. Habel, the prospective purchaser, and claimant were sitting on the back seat. They had had something to drink at luncheon, and on the way through Washington stopped at a store and purchased a bottle of liquor. They stopped again that Habel, the driver of the automobile, might telephone to his wife. While waiting in the automobile for his return from the telephone, the other Habel asked for a cigarette and claimant volunteered to get out of the car and go to a nearby store to purchase some—"As he walked around the back of the car he encountered several colored men and was struck across the eye by an instrument in the hands of a colored man, injuring claimant and causing the subsequent loss of his left eye. The assailant did not attempt to rob the claimant and nothing was said to indicate the reason for the attack. Claimant had never before seen his assailant and companions nor was anything said between them, nor was there any argument or altercation between them prior to the assault." Claimant was taken to the Episcopal Eye, Ear and Throat Hospital where he was examined by the resident physician, who tes-

tified that he was then intoxicated. His companion in the back seat with him just prior to the injury admitted that he himself was drunk. The testimony of the witnesses examined by the Commissioner is not in the record, and all that we have is this skeletonized narrative, but we think it sufficient to enable us to affirm the Deputy Commissioner's ruling.

First. Because, in leaving the automobile and in a state of intoxication going in search of cigarettes for the personal gratification of himself and his companion, claimant placed himself in a position where the injury he sustained did not arise out of his employment, and this is true because in the circumstances there was wholly lacking a causal connection between the conditions under which claimant was required and expected to be about the work of his employer and the resulting injury. It has been said, and we think correctly, that the causative danger and injury must be incidental to the character of the business and not independent of the relation of master and servant. In other words, the injury, to be compensable, must arise out of a risk connected with the employment and flowing from it as a rational consequence. McNicol's Case, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306.

The English courts have construed the words—arising out of and in the course of his employment—as not including injuries resulting from a piece of iron thrown in anger by a boy in the same service, Armitage v. Lancashire R. Co. [1902] 2 K.B. 178, or from a felonious assault of the employer, Blake v. Head, 106 Law T.(N.S.) 822, 28 Times L.Rep. 321. But in this case we have no occasion to go farther than to say that if an employee in a state of intoxication leaves the course of his employer's business, even momentarily, and while engaged in a mission of his own is assaulted either with or without justification, the resulting injury is not covered under the term—injuries arising out of and in the course of his employment.

Second. The evidence of the hospital physician, as we have seen, is to the effect that claimant when he was admitted to the hospital was intoxicated. It is true this is denied by claimant, but the deputy commissioner saw the witnesses and heard them testify and might very properly have drawn the inference, from claimant's bizarre statement, that the assault was caused wholly by claimant's intoxication,[1] or he might just as well have reached the other conclusion that the whole story, by reason of its inherent improbability, was untrue. The Supreme Court, in Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L. Ed. 229, a case which went up from us, said—the issue must be resolved upon the whole body of proof pro and con; and if it permits an inference either way,—in that case the question was whether the injury was accidental or intentional—the deputy commissioner and he alone is empowered to draw the inference; his decision as to the weight of the evidence may not be disturbed by the court.

It would have been more satisfactory if the Deputy Commissioner—as we have had occasion to admonish him before—had made specific findings based on the testimony introduced, for precisely that is what the act and regulations contemplate, and, as we think, require him to do.[2] Because ordinarily such findings are necessary to enable us to say whether his award is in accordance with law. But enough appears here to convince us the claim is without merit, and so we think the holding of the Deputy Commissioner that the claimant is not entitled to compensation is clearly right and should be affirmed.

Affirmed.

---

[1] U.S.Code, T. 33, § 903(b), 33 U.S. C.A. 903(b).

