**FAZIO v. CARDILLO et al.**

**No. 7498.**

United States Court of Appeals for the District of Columbia.

Argued Dec. 7, 1939.

Decided Jan. 8, 1940.

Thomas E. Rhodes, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., William S. Tarver, Asst. U. S. Atty., Arthur J. Phelan, and O. R. McGuire, Jr., all of Washington, D. C., for appellees.

Before GRONER, C. J., and MILLER and VINSON, JJ.

GRONER, C. J.

Appellant was employed as a cafeteria man in the service of the Mayflower Hotel Corporation in Washington City. He was injured March 11, 1938, while engaged in a personal altercation with Peter Smith, a co-employee, and applied for compensation under the provisions of the Longshoremen's Act, made applicable to the District of Columbia by the Act of May 17, 1928. [1] The deputy commissioner heard the evidence and rejected appellant's claim. Application to the District Court for a mandatory injunction was denied, and the case is here on appeal.

Appellant's duties were to serve food to employees of the hotel in a cafeteria provided for that purpose. There was a lavatory nearby for the use of white employees. Around noon of the day in question, appellant went into the lavatory and while there was injured in a fight with Smith, a colored boy whose duty it was to keep the lavatory clean. The deputy commissioner found that the duties of appellant and of Smith were in no way similar or connected; that the altercation was personal and not related to the employment; and that appellant did not sustain an injury arising out of the employment.

The deputy made no specific findings as to the nature of the altercation, but the evidence shows that appellant was in the habit of skylarking with Smith and that up to the time the trouble arose they were on friendly

[1] 45 Stat. 600, D.C.Code, Tit. 19, §§ 11, 12, 33 U.S.C.A. § 901 note; 33 U.S.C.A. 901 et seq.

terms. Appellant testified that while he was in the wash room Smith assaulted and kicked him. He said that he saw Smith as he went into the room, but that nothing was said except some joking words, and that as he turned from the urinal, Smith said he was going to "bust my mouth" and followed this by hitting appellant and knocking him down. The fall fractured some of the bones in his legs. Smith testified that just prior to the fight he had been cleaning up trash in the locker room adjacent to the lavatory and that as he was carrying out the bags of trash, appellant without warning kicked one of the bags out of his hands and scattered the trash about the floor; that appellant followed this up by seizing him around the waist and throwing him into the wash room, where they were separated by another employee; but that after this, appellant, still wanting to fight, struck at him, and he in turn ducked and hit appellant, who fell to the floor, breaking his leg.

The deputy commissioner disregarded the insurance carrier's theory that appellant was the aggressor in the fight and, as we have seen, placed his denial of compensation on the ground that the quarrel appeared to be wholly personal and unrelated to the employment. The single issue is whether compensation should be awarded for injuries caused by a personal altercation between the claimant and a co-employee, over a matter unrelated to the performance of their duties.

█ The Act defines "injury" as meaning "accidental injury * * * arising out of and in the course of employment * *· * and includes an injury caused by the willful act of a third person directed against an employee because of his employment". Under this provision we have held that, when a stranger assaults and injures an employee while the latter is attending to his duties, the injury is compensable. Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 160, 85 F.2d 417. We likewise held in a case where the dispute arose between two employees as to the manner of doing the work, that the injury should be said to arise out of the employment. Maryland Casualty Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432. Very recently we held that, where an employee is required to carry money and the assault upon him is for the purpose of robbery, the injury arises out of the employment. Maryland Casualty Co. v. Cardillo, 71 App.D.C. 160, 107 F.2d 959, decided November 13, 1939. The decisions in all of these cases grew out of the fact that the injury resulted from a risk incident to the employment, and they are distinguishable from the present case in that in none of them did the injury occur in a personal quarrel not traceable to the duties of the employment. In Ayers v. Hoage, 61 App.D.C. 388, 63 F.2d 364, we said that an injury arises out of the employment when it occurs in the course of the employment and as the result of a risk involved in or incidental to the employment or to the conditions under which it is required to be performed, and we added that the fact that the injury is contemporaneous or coincident with employment is not alone a sufficient basis for an award. We adhere to what we said there, and in this view cases like Verschleiser v. Stern & Son, 229 N.Y. 192, 128 N.E. 126, Stasmos v. State Industrial Commission, 80 Okl. 221, 195 P. 762, 15 A.L.R. 576, Leonbruno v. Champlain Silk Mills, 229 N.Y. 470, 128 N.E. 711, 13 A.L.R. 522, and Continental Life Ins. Co. v. Gough, 161 Va. 755, 172 S.E. 264, are either not in point or state the doctrine more broadly than we are willing to accept.

█ We think the better rule is that injuries sustained by an employee in a personal difficulty with another employee of the same employer, having no relation to the employment itself and in which there is no causal connection between the injury and the employment, are not compensable. In the instant case the evidence abundantly establishes that appellant's injury grew out of "horseplay" which, whether begun by him or Smith, happened at a time when he had stepped aside from his employment, and that the assault was not directed against him because of or as a natural incident of his work or employment. Considered in this light, the deputy commissioner's finding was correct and is sustained by our decisions in Wimmer v. Hoage, 67 App.D.C. 128, 90. F.2d 373, and Morgan v. Hoage, 63 App.D.C. 355, 72 F.2d 727; and outside of this jurisdiction by Edelweiss Gardens v. Industrial Commission, 290 Ill. 459, 125 N.E. 260, Scholtzhauer v. C. & L. Lunch Co., 233 N.Y. 12, 134 N.E. 701, and De Filippis v. Falkenberg, 170 App.Div. 153, 155 N.Y.S. 761, affirmed 219 N.Y. 581, 114 N.E. 1064.

Affirmed.