PENKER CONST. CO. et al. v. CARDILLO, Deputy Com'r (WILDER, Intervener).

No. 7729.

United States Court of Appeals for the District of Columbia.

Submitted Dec. 11, 1940.

Decided Jan. 21, 1941.

---

James E. McCabe, of Washington, D. C., for appellants.

Edward M. Curran, U. S. Atty., and John L. Laskey, Asst. U. S. Atty., both of Washington, D. C., for appellee Frank A. Cardillo.

Maxwell A. Ostrow and Harry S. Klavan, both of Washington, D. C., for intervener.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

In this workmen's compensation case,[1] the Deputy Commissioner awarded compensation to the widow of a deceased employee named Wilder. The employer sued to restrain enforcement of the award, and appeals from a decree dismissing its bill.

Appellant contends that the injury which caused death, although it arose in the course of employment, did not arise out of the employment. The underlying facts are not disputed. Wilder's job was obtained for him by Whitfield, a fellow employee. Whitfield demanded a commission of $10 from Wilder. Another employee instructed Wilder to refuse to pay it, and he did refuse. This so enraged Whitfield that he struck the blow which killed Wilder. Wilder was at work at the time.

These facts not only support, but require, the award of compensation. An injury arises out of the employment if it is caused by the environment, whether inanimate, animal, or human, to which the employment exposes the employee. It does not matter whether he is struck by a machine, a mule, or a man.[2] An assault by a stranger,[3] and a fortiori by a fellow employee,[4] clearly arises out of the employment where, as here, the employment provides the motive for the assault. Wilder was killed because he had employment for which he refused to pay a fee. That he was under no obligation to pay is immaterial. The case is like Maryland Casualty Company v. Cardillo, 69 App.D.C. 199, 99 F.2d 432. There the employment led to a criticism which led to an attack; here the employment led to a demand and refusal which led to an attack.

The award is valid on another ground also. The finding that "the employment * * * was responsible for the assault" is equivalent to a finding that the injury was "caused by the willful act of a third person directed against an employee because of his employment." The statute makes such an injury compensable.[5]

Affirmed.

1 Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, U.S.C. A. tit. 33, c. 18, § 901 et seq.; made applicable in the District of Columbia as a Workmen's Compensation Act by 45 Stat. 600, D.C.Code, tit. 19, c. 2, § 11, 33 U.S. C.A. § 901 note.

2 So long, at least, as he does not provoke the attack; cf. Fazio v. Cardillo, 71 App.D.C. 264, 109 F.2d 835, distinguished in Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11,

18, certiorari denied, 310 U.S. 649, 60 S. Ct. 1100, 84 L.Ed. 1415.

3 Cf. Hartford Accident & Indemnity Company v. Hoage, 66 App.D.C. 160, 85 F.2d 417.

4 Cf. Hartford Accident & Indemnity Company v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, certiorari denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415.

5 U.S.C.A. tit. 33, § 902(2); Maryland Casualty Company v. Cardillo, 71 App.D. C. 160, 107 F.2d 959.