**ACKERMAN v. CARDILLO, Deputy Com'r, et al.**

No. 8500.

United States Court of Appeals District of Columbia.

Argued Dec. 17, 1943.

Decided Jan. 24, 1944.

Mr. John U. Gardiner, of Washington, D. C., with whom Mr. Leonard Kaplan, of Washington, D. C., was on the brief, for appellant.

Mr. Arthur P. Drury, of Washington, D. C., with whom Messrs. Benjamin S. Minor, John M. Lynham and John E. Powell, all of Washington, D. C., were on the brief for appellee, Railway Express Agency, Inc.

Messrs. Edward M. Curran, United States Attorney, and Bernard J. Long, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee Cardillo.

Before GRONER, C. J., and MILLER and ARNOLD, JJ.

GRONER, C. J.

This is a compensation case brought under the District of Columbia Act of May 17, 1928.[1] The Deputy Commissioner heard the evidence and rejected the claim. Application to the District Court for mandatory injunction was denied and the case is here on appeal.

The single question is whether appellant's injury arose out of and in the course of his employment.

The Deputy Commissioner found the facts to be that appellant, who was in the employ of appellee, Railway Express Agency, Inc., was on the 12th of July, 1942, performing services as an express handler in the District of Columbia; that his work consisted of helping to unload freight consisting of wrapped packages of dress goods from a railroad box car which at the time was dry and clear of litter; that following the removal of the last load of freight from the car claimant (appellant), who was then in the car, came up behind Ray

---

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by Act of May 17, 1928, 45 Stat. 600, 33 U.S. C.A. § 901 note, D.C.Code, 1940, §§ 36–501, 36–502.

Clemen, a co-worker, put his arms around his waist and lifted him up off the floor; that Clemen struggled to get loose, and as claimant put him down Clemen made an effort to escape from claimant's hold, and in the struggle both fell to the floor and claimant suffered a fracture of the left tibia and fibula; "that the said accident was occasioned by the claimant's sportive act and arose out of his horseplay; that the co-worker Clemen did not indulge in or participate in such horseplay; that a similar sportive act of horseplay was initiated by the claimant on Clemen approximately a half hour prior thereto; that Clemen protested both of said acts by the claimant; that no ill feeling existed on the part of either party towards the other; that the injury was not occasioned by the claimant's slipping on the floor or by the conditions of the box car wherein the claimant was working, nor was the injury related to the employment; that the claimant sustained no injury arising out of and in the course of the employment; that the employer is, therefore, not liable for the payment of compensation for the claimant's incapacity for work following the fracture * * *."

In view of the definite finding by the Deputy that the injury was not sustained by appellant in the course of the employment, and in view also of the fact that a careful reading of the testimony shows unmistakably that his finding in this respect was not only supported by but, we think, impelled by the weight of the evidence, we might very well affirm on the findings alone. Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245, and see also Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 1184.

Appellant, however, very earnestly insists that the Deputy's conclusion is in the teeth of our decision in Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11. The claim is without foundation. In the last mentioned case all that we held was that compensation is payable where a claimant under the Longshoremen's Act is merely the victim and not the aggressor in a quarrel with a fellow employee resulting in personal injury. But in announcing this rule we were careful to limit it to situations in which the claimant was not the aggressor. And in the case of Fazio v. Cardillo, 71 App.D.C. 264, 109 F.2d 835, 836, in which the claimant was the aggressor, we sustained the Deputy's finding that the injury did not arise out of and in the course of the employment. There we said "that an injury arises out of the employment when it occurs in the course of the employment and as the result of a risk involved in or incidental to the employment or to the conditions under which it is required to be performed." And applying the rule to the facts there, we said that injuries to an employee in a personal difficulty with another employee of the same employer, having no relation to the employment itself, and in which there is no causal connection between the injury and the employment, are not compensable.

In the case we are considering the Deputy's finding shows that appellant once before, during the same morning, and against the remonstrances of his intended victim, had indulged in a similar prank. It would, we think, be going very far to say in such circumstances that he had not then and there voluntarily stepped aside from his employment and taken upon himself the consequences of his acts. And it would be altogether incorrect to say that the injury which he thus suffered was the natural or ordinary result of his work.

Affirmed.