**AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA et al., Appellants,**

v.

**Herman ADLER, Deputy Commissioner, Bureau of Employees' Compensation, Appellee.**

No. 18427.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 12, 1964.

Decided Dec. 10, 1964.

Mr. William J. Donnelly, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellants.

Mr. John C. Eldridge, Attorney, Department of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Morton Hollander, Attorney, Department of Justice, were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge:

The appellee Deputy Commissioner entered his order awarding compensation to one Greenwell. The appellant sought to set aside that order contending that the record lacked substantial evidence to support the finding that Greenwell's injury on September 14, 1961 arose out of and in the course of his employment, and further, that such finding was erroneous as a matter of law. The District Court granted the Deputy Commissioner's motion for summary judgment and dismissed the complaint.

It is not denied that Greenwell was employed by the appellant. He was a shop steward and a member of the local union's executive board. As an alternate delegate to the convention of the International Union in Toronto, he received from his union a salary, the cost of transportation and a daily expense allowance while attending the convention. Such arrangements had been authorized by vote of the membership of the local union at a regular membership meeting; indeed, the local union had made a hotel reservation for him. Greenwell had attended business sessions throughout each day of the convention. On the night of September 14, 1961, there was to be a banquet, described in the record as "one of the highlights of the convention." In preparation for the convention banquet, Greenwell injured himself when he slipped in a bathtub in his room at the Toronto hotel where the convention was being held.

The appellant contends that at the time of injury, Greenwell, subserving only his own personal comfort and convenience, was performing an act in no way incidental to employment. "To extend an employer's liability for workmen's compensation to a case such as this would in effect make an employer a guarantor or

insurer of his employee's safety for every minute of the time that he is away." [1] Thus it is argued, to sustain the award would be tantamount to converting an employer's compensation insurance policy into an accident and health policy.

The Supreme Court has told us that

"If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable." [2]

Since the record discloses substantial evidence which supports the findings, if we conclude that the Deputy Commissioner's determination is "not inconsistent with the law," [3] we are bound to affirm.

While the cases are sharply divided, particularly as to when an injury can be said to "arise out of" the employment, we are satisfied that the Deputy Commissioner might take as established that Greenwell was an employee of the appellant; sent by his employer upon a particular mission to represent that employer; injured while in furtherance of the purpose for which he had been sent; and at the time of injury engaged in an activity reasonably related to and properly to have been anticipated as an ordinary incident of the mission. His attendance at the annual banquet of the International was not only expected of him, the cost of his doing so was borne by the union. Readying himself for his appearance under such circumstances can not

1. Appellant's brief.

2. Cardillo v. Liberty Mutual Co., 330 U. S. 469, 477–478, 67 S.Ct. 801, 806, 91 L. Ed. 1028 (1947).

3. *Ibid.*, and see Phoenix Assurance Company of New York v. Britton, 110 U.S. App.D.C. 118, 289 F.2d 784 (1961); Hurley v. Lowe, 83 U.S.App.D.C. 123, 168 F.2d 553, cert. denied, 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1756 (1948).

be said necessarily to have been for the exclusive benefit of the employee,[4] as the appellant seems to contend. It is not "necessary that the employee be engaged at the time of the injury in activity of benefit to his employer."[5] Nor is the test of recovery to be found in "a causal relation between the nature of [the] employment of the injured person and the accident."[6]

 Rather, to paraphrase what this court long since has said, if in the course of employment an employee suffers an injury by reason of a risk incidental to the location where the employment requires him to be, that injury arises out of the employment. Otherwise stated,

> "It is not the peculiar nature of the environment or of the risk, provided it is accidental, but the fact that the work brings the worker within the orbit of whatever dangers the environment affords that is important."[7]

 The Deputy Commissioner here concluded that Greenwell's work brought him within the range of a peril which as an incident of his employment caused his injury. That the particular act was not itself part of the work done for the employer by Greenwell does not detract from the force of the governing principle.[8] We can not say that the Deputy Commissioner erred in his determination that Greenwell's injury arose out of his employment as well as in the course of that employment.

On the record before us, the judgment of the District Court is

Affirmed.

---

4. Cf. Larke v. John Hancock Mutual Life Ins. Co., 90 Conn. 303, 309, 97 A. 320, 322, L.R.A.1916E, 584 (1916).

5. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 507, 71 S.Ct. 470, 95 L.Ed. 483 (1951).

6. Ibid.

7. Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 55, 112 F.2d 11, 14, cert. denied, 310 U.S. 649, 60 S. Ct. 1100, 84 L.Ed. 1415 (1940).

8. Id. at 55–56, 112 F.2d at 14–15.