Joseph Francis **BUTLER**, Appellant,

v.

**DISTRICT PARKING MANAGEMENT CO., et al.,** Appellees.

No. 19876.

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1966.

Decided June 8, 1966.

Mr. Dorsey Evans, Washington, D. C., for appellant. Mr. Charles A. Dixon, Washington, D. C., also entered an appearance for appellant.

Mr. M. S. Mazzuchi, Washington, D. C., for appellees Aetna Casualty & Surety Co. and District Parking Management Co.

Mr. George M. Lilly, Attorney, Department of Labor, of the bar of the Supreme Court of North Carolina, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., Charles Donahue, Solicitor, Department of Labor, Alfred H. Myers, Attorney, Department of Labor, and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee Britton. Mr. Edward T. Miller, Asst. U. S. Atty., also entered an appearance for appellee Britton.

Before BURGER, WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

Appellant seeks review of the action of the District Court which affirmed the decision of the Deputy Commissioner of the Bureau of Employees' Compensation, United States Department of Labor, denying Appellant's claim for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C. §§ 901–950 (1964), as made applicable to the District of Columbia by D.C.Code § 36–501 (1961).

After 20 years of employment as a parking lot attendant for Appellee, Appellant became ill during his working hours and did not report for work the following day and ensuing days. His claim is that the employment caused a mental breakdown, and it is not disputed that he was found to suffer schizophrenic reaction.

The Deputy Commissioner found that the schizophrenic reaction suffered by Appellant did not arise out of his employment with Appellee District Parking Management Co. and that Appellant had not given the required written notice to his employer within the statutory period. 44 Stat. 1431, 33 U.S.C. § 912 (1964). The District Court sustained the Deputy Commissioner's findings and granted Appellees' motion for summary judgment.

Two doctors testified, one an internist and the other a psychiatrist. The internist expressed an opinion that Appellant's illness arose out of his employment as a parking lot attendant; the psychiatrist testified that he could not say that Appellant's illness was caused by his employment, and that "Since we do not know the cause, I would have to say that I cannot answer the question whether there is a causal relation."

■■ Section 20 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436, 33 U.S.C. § 920 (1964), provides:

In any proceeding for the enforcement of a claim for compensation under this Act *it shall be presumed, in the absence of substantial evidence to the contrary—*

(a) That the claim comes within the provisions of this Act.

(b) That sufficient notice of such claim has been given.

\* \* \* [Emphasis added.]

This provision places the burden on the employer to go forward with evidence to meet the presumption that injury or illness occurring during employment was caused by that employment. Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935). The employer offered no substantial evidence that Appellant's injury was not work-related and hence has not met the burden imposed by the statute. *Cf.* Travelers Ins. Co. v. Donovan, 95 U.S.App.D.C. 331, 221 F.2d 886 (1955); Robinson v. Bradshaw, 92 U.S. App.D.C. 216, 206 F.2d 435 (1953).

■ As to the statutory notice requirement, Section 12(d), 33 U.S.C. § 912(d), provides:

Failure to give such notice shall not bar any claim under this Act (1) if the employer (or his agent in charge of the business in the place where the injury occurred) * * * had knowledge of the injury or death and the deputy commissioner determines that the employer * * * has not been prejudiced by failure to give such notice * * *.

The Deputy Commissioner found that "the employer did not have knowledge of the alleged injury or illness," but the undisputed testimony of both Appellant's wife and his immediate superior was that the wife had notified the supervisor on the first day of his absence that Appellant was ill. Both testified that the supervisor had gone to Appellant's house to pick up the receipts from operation of Appellee's parking lot, which Appellant had carried home the day he became ill, contrary to his regular custom of turning receipts over to the supervisor at the close of business each day. Thus, the employer clearly had knowledge not only of the fact of Appellant's illness but also of the fact that he probably became ill on the job. There is no evidence in the record that the employer lacked knowledge of Appellant's illness or that he had been prejudiced by the lack of a formal written notice. In holding Appellant's claim barred for failure to give notice the Deputy Commissioner failed to apply the statute.

The judgment of the District Court is reversed and the cause remanded with directions to set aside the Deputy Commissioner's order denying compensation.

Reversed and remanded.