William MASSEY, Deputy Commissioner Bureau of Employees' Compensation, Appellant,

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

William Guinn WHITE, Appellant,

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

Nos. 20898, 20902.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 16, 1967.

Decided Dec. 8, 1967.

---

Mr. Jack H. Weiner, Attorney, Department of Justice, with whom Acting Asst. Atty. Gen. Carl Eardley, Messrs. David G. Bress, U. S. Atty., and John C. Eldridge, Attorney, Department of Justice, were on the brief, for appellant in No. 20,898. Mr. Frank Q. Nebeker, Asst. U. S. Atty., entered an appearance for appellant in No. 20,898. Mr. Frederick H. Livingstone, Arlington, Va., entered an appearance for appellant in No. 20,902.

Mr. Richard W. Turner, Washington, D. C., with whom Mr. Wilmer S. Schantz, Jr., Washington, D. C., was on the brief, for appellee.

Mr. Joseph H. Koonz, Jr., Washington, D. C., with whom Messrs. Lee C. Ashcraft and Martin E. Gerel, Washington, D. C., were on the brief, for Division 689 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO as amicus curiae.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant Deputy Commissioner of the Bureau of Employees' Compensation determined that appellant White, an employee of appellee D.C. Transit System, incurred temporary total disability arising out of and in the course of his employment. Appellee employer sought review of the compensation order made under the Longshoreman's and Harbor Workers' Compensation Act,[1] on the ground that the disability was less than total, but it did not cross-appeal from the District Court ruling that the disability determination was supported by the record. Upon learning that appellant White had, as a result of his injury, retired from his job and was drawing monies pursuant to a pension system to which both he and D.C. Transit System had contributed, the District Court *sua sponte* ordered that the compensation award be reduced by the amount of such payments. We reverse and remand with directions to enter judgment for appellants.

By holding that pension payments supplant compensation benefits the District Court has permitted that retirement agreement to work a waiver of statutory rights. We think this is contrary to Section 15 of the Compensation Act, which makes invalid any agreement that requires an employee to contribute to a fund maintained "for the purpose of providing compensation" or by which an employee is made to "waive his right to compensation."[2]

No action was begun or could have been successfully maintained to discontinue or refund pension payments. The pension plan expressly provides:

> Allowances are in addition to any other income which an employee may have, especially in addition to any benefits provided under the Social Security Act, and any benefits received under workmen's compensation.

Plainly the parties contracted for retirement benefits payable over and above compensation awards under the statute.

Reversed.

---

1. 33 U.S.C. § 901 ff (1964). This Act is made applicable in the District of Columbia by 36 D.C.CODE § 501 (1967).

2. 33 U.S.C. § 915 (1964). In addition to declaring that such agreements are invalid, the Act provides that an employer who deducts amounts from an employee's pay to support an agreement which abrogates statutory compensation is guilty of a misdemeanor.