**Lynda TREDWAY, Appellant,**

v.

**DISTRICT OF COLUMBIA et al., Appellees.**

**No. 13177.**

District of Columbia Court of Appeals.

Argued Sept. 13, 1978.

Decided June 19, 1979.

Ronald L. Goldfarb, Washington, D. C., with whom Ronald A. Schechter, Washington, D. C., was on brief, for appellant.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Washington, D. C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for appellees.

Before GALLAGHER, HARRIS and MACK, Associate Judges.

GALLAGHER, Associate Judge:

This tort suit presents two questions concerning the interpretation of the Federal Employees' Compensation Act (hereinafter FECA).[1] The first question is whether the injury suffered by appellant is outside the scope of FECA so that she is not barred by the exclusivity provision[2] of that Act from suing her employer for negligence which allegedly caused her injury.[3] The second is whether there is a "substantial question" that appellant's injury arose while in the performance of her duties, thus requiring her to seek and be denied relief from the Secretary of Labor before she is entitled to sue in tort on the same claim. We hold: (1) that the injuries complained of are within FECA's coverage, and (2) that this case does raise a substantial question as to whether these injuries arose in the performance of duty. Accordingly, we affirm the trial court's dismissal of the complaint.[4]

The facts are not in dispute. Appellant is a District of Columbia school teacher at the

---

1. 5 U.S.C. §§ 8101 et seq. (1976).

2. 5 U.S.C. § 8116(c) (1976).

3. This issue was raised in a supplemental brief submitted after oral argument in this case. We granted appellant's motion to file the supplemental brief because our decision in Mason v. District of Columbia, D.C.App., 395 A.2d 399 (1978), issued after oral argument here, had a potentially substantial bearing on this case.

4. This of course permits appellant to proceed under FECA.

Spingarn High School. Her employer, the District of Columbia Board of Education, is an agency of the District government. At about 3:15 p. m. on May 5, 1975, appellant was alone in her classroom grading papers after class. Two male strangers, who were neither students nor employees of the school, entered the classroom, locked the door, and tied and gagged appellant. They assaulted her with a knife, and then robbed and raped her. Appellant alleges that as a result of this attack she experienced humiliation, embarrassment, mental stress, anguish, and pain and suffering, incurred expenses for legal assistance and medical and psychological treatment, and was temporarily unable to perform her duties as a teacher.

She filed her complaint in tort against the District of Columbia alleging that the attack was a direct result of appellee's negligence in failing to provide her with safe working conditions. She alleged that prior similar attacks had occurred and that the school guard was absent when the attack upon her took place. The trial court dismissed the complaint. It ruled that a substantial question of FECA coverage had been raised under the rule stated in *Daniels-Lumley v. United States,* 113 U.S.App. D.C. 162, 306 F.2d 769 (1962). This appeal followed.[5]

## I.

FECA requires the government to pay compensation "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). Compensation consists of (1) medical services, *id.,* § 8103; (2) vocational rehabilitation, *id.,* § 8104; and payments based on fixed percentages of weekly wages for (3) death, *id.,* § 8102; (4) disability, whether partial or total, temporary or permanent, *id.,* §§ 8105–06; and

(5) loss of sense or member, *id.,* § 8107. There is no provision for pain and suffering.

FECA further provides that the liability it imposes is the government's *exclusive* liability "*with respect to the injury* or death of [the] employee." *Id.,* § 8116(c) (emphasis supplied). This provision serves a major purpose of the Act—namely. to limit the government's liability to a low enough level so that *all* injured employees can be paid some reasonable level of compensation for a wide range of job-related injuries, regardless of fault. *See Busey v. Washington,* 225 F.Supp. 416, 422 (D.D.C. 1964). As the legislative history of this provision states:

> Thus [by adding the exclusivity provision to FECA], . . . [t]he savings to the United States, both in damages recovered and in the expense of handling the lawsuits, should be very substantial and the employees will benefit accordingly under the Compensation Act as liberalized by this bill. [S.Rep.No.836, 81st Cong., 1st Sess. 23 (1949).]

This provision, however, has been construed as limiting the government's tort liability only for injury or death within the scope of the Act. Thus, an injured employee may sue his employer where the injury is not of the type intended to be covered by the compensation act, *Mason v. District of Columbia,* D.C.App., 395 A.2d 399, 403 (1978), or where the injury was not sustained "while in the performance of his duty." *See Bailey v. United States,* 451 F.2d 963, 967 (5th Cir. 1971); *United States v. Udy,* 381 F.2d 455, 458 (10th Cir. 1967). On the other hand, if the injury *is* covered by the Act, the general rule is that the compensation act remedy is exclusive, even though under the facts of the particular case no compensation is payable[6] or even though

**5.** Two affidavits, one by a Labor Department legal counsel and one by the Superintendent of the District of Columbia Public Schools, both to the effect that appellant's injuries were of a type covered by FECA, were received into evidence over appellant's objections. It is not clear how, much, if any, weight the trial court gave them in reaching its decision. Since we affirm the trial court without reference to the

two affidavits, there is no need to consider here the propriety of the trial court's acceptance of them under Super.Ct.Civ.R. 56(e) or otherwise.

**6.** *E. g., Hubbard v. Reynolds Metals Co.,* 482 F.2d 63, 64 (9th Cir. 1973); *Grice v. Suwannee Lumber Mfg. Co.,* 113 So.2d 742, 746 (Fla.Dist. Ct.App.1959); *Blue Bell Globe Mfg. Co. v.*

the compensation act fails to provide for the full extent of the employee's damages. *Haynes v. Rederi A/S Aladdin,* 362 F.2d 345, 350 (5th Cir. 1966), *cert. denied,* 385 U.S. 1020, 87 S.Ct. 731, 17 L.Ed.2d 557 (1967).

 Physical attacks by third parties sustained in the performance of the employee's duties are clearly covered by FECA. *E. g., Penker Construction Co. v. Cardillo,* 73 App.D.C. 168, 169, 118 F.2d 14, 15 (1941); *Hartford Accident & Indemnity Co. v. Cardillo,* 72 App.D.C. 52, 55, 112 F.2d 11, 14, *cert. denied,* 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415 (1940); *Hartford Accident & Indemnity Co. v. Hoage,* 66 App.D.C. 160, 85 F.2d 417 (1936). In her supplemental brief, however, appellant contends that her injury is outside the coverage of FECA because she is claiming for humiliation, mental anguish, pain and suffering, and the like. She argues that the *Mason* decision, in which we allowed a plaintiff claiming similar "psychic" injuries to sue her employer, requires that this tort suit be permitted. This argument is without merit. The *Mason* decision does not change the rule that there can be no separate recovery for pain and suffering where the underlying injury is covered by the Act. *Haynes v. Rederi A/S Aladdin, supra* at 350.[7] Rather, *Mason* involved injuries which we held were *not* covered by FECA, namely false arrest and false imprisonment. "The gist of any complaint for false arrest or false imprisonment is an unlawful detention," *Clarke v. District of Columbia,* D.C.App., 311 A.2d 508, 511

(1973), "irrespective of any physical or mental harm." *Moore v. Federal Department Stores, Inc.,* 33 Mich.App. 556, 559, 190 N.W.2d 262, 264 (1971); *see Clarke, supra.* Since FECA has been interpreted to encompass only mental[8] or physical[9] injuries, this was not the kind of personal injury covered by FECA. Appellant, however, has alleged physical injuries. The underlying cause of her psychic damages is thus covered by FECA. *Mason* therefore does not apply, and suit is barred even though the compensation act remedy fails to provide for the full extent of her damages. *Haynes v. Rederi A/S Aladdin, supra.*

## II.

As we noted earlier, the exclusivity provision of FECA will not bar this tort claim unless the injury was sustained in the performance of appellant's duties. It has been held, however, that in the interest of uniform application of FECA, a court must dismiss a suit to allow the Secretary of Labor to decide whether the injury is compensable under the Act if there is a "substantial question" that the injury arose out of employment. *Somma v. United States,* 283 F.2d 149, 151 (3d Cir. 1960). A substantial question will exist "unless [the] injuries were *clearly* not compensable under the F.E.C.A. . . . ." *Daniels-Lumley v. United States, supra* 113 U.S.App.D.C. at 163, 306 F.2d at 769 (emphasis supplied). This rule is necessary to meet the statutory provision that "all questions arising under" the Act shall be decided by the Secretary of

---

*Baird,* 64 Ga.App. 347, 13 S.E.2d 105, 106 (1941).

**7.** Addressing the injured employee's argument that he should be entitled to tort damages for pain and suffering in addition to compensation, the court in *Haynes, supra* at 350, stated:

> [Appellant's] analysis is so bizarre and unsupportable as to require very little rebuttal. Suffice it to say that appellant completely misconceives the purpose and function of the [compensation] Act; the whole theory of the Act, and of similar compensation legislation, is to provide the injured workman with certain and absolute benefits in lieu of *all* common law damages. Thus the payments made by [the insurance company] were made in place of *all* damages to which appellant oth-

erwise would be entitled, and not just lost wages or medical expenses. [Emphasis in original; footnote omitted.]

**8.** *E. g., Butler v. District Parking Management,* 124 U.S.App.D.C. 195, 363 F.2d 682 (1966); *Urban Land Inst. v. Garrell,* 346 F.Supp. 699 (D.D.C.1972); *District of Columbia Transit System, Inc. v. Massey,* 260 F.Supp. 310 (D.D.C. 1966), *rev'd in part on other grounds,* 128 U.S. App.D.C. 328, 388 F.2d 584 (1967).

**9.** *E. g., Penker Constr. Co. v. Cardillo, supra; Hartford Accident & Indemnity Co. v. Cardillo, supra; Hartford Accident & Indemnity Co. v. Hoage, supra.*

Labor. 5 U.S.C. § 8145; *see Somma v. United States, supra* at 151.

Appellant's argument that there is no substantial question of FECA coverage is based on the absence of a causal connection between her type of employment and the type of injury suffered. While it is true that such a causal relation is required under many state workmen's compensation acts,[10] the rule under the federal compensation acts has been much more liberal to employees. Under both FECA and the Longshoremen's and Harbor Workers' Compensation Act,[11] the causal test has required only that "the work [bring] the worker within the orbit of whatever dangers the environment affords." *Hartford Accident & Indemnity Co. v. Cardillo, supra* 72 App.D.C. at 55, 112 F.2d at 14. Another frequently applied test has been whether the work placed the employee in the particular "zone of special danger" which caused the injury. *Gondeck v. Pan American World Airways,* 382 U.S. 25, 27, 86 S.Ct. 153, 15 L.Ed.2d 21 (1965); *O'Keeffe v. Smith, Hinchman & Grylls Assocs.,* 380 U.S. 359, 362, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); *O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 507, 71 S.Ct. 470, 95 L.Ed. 483 (1951). These cases establish that FECA coverage cannot be denied on the grounds that the injury was not an inherent risk or hazard of the type of job. All that is required is that injury result from a risk incidental to the environment in which the employment places the claimant.

We note that compensation has been allowed for injuries scarcely more job-related than those in the present case. In *O'Leary, supra,* the employee had drowned while attempting to save swimmers at his employer's recreation center. The center was situated next to a very dangerous channel. Although the employee's job responsibilities had nothing to do with the center or with rescue, the Supreme Court allowed compensation. In *Amalgamated Ass'n of Street, Electric Ry. & Motor Coach Employees v. Adler,* 119 U.S.App.D.C. 274, 340 F.2d 799 (1964), a union official was compensated where, as an alternate to a union convention, he slipped and injured himself in the bathtub of his hotel room while preparing to attend the convention banquet. The claimant in *United States v. Charles,* 130 U.S.App.D.C. 151, 397 F.2d 712, *cert. denied,* 393 U.S. 897, 89 S.Ct. 220, 21 L.Ed.2d 178 (1968), was allowed compensation for injuries suffered when she fell while alighting from a bus on her way to work, the accident occurring within one block of the officer's club where she was employed. And an assault was compensated in *Hartford Accident & Indemnity Co. v. Hoage, supra,* where the claimant, a cook in a restaurant, was injured when a crazed stranger stuck a knife into the chef's nose while the chef was cooking.

Appellant was in her classroom during her work hours and was acting in the course of her employment when the attack occurred.[12] The "zone of danger" was not created by appellant; rather, appellant has alleged that the Spingarn High School had been the scene of three previous similar attacks on women teachers. In this situation it is not unlikely that the Secretary of Labor will find that the risk of attack was incidental to the environment in which appellant's job placed her. Compensation has been awarded for injuries no more job-related than those here. We conclude the

---

10. *See, e. g., Hartford Accident & Indemnity Co. v. Cox,* 101 Ga.App. 789, 115 S.E.2d 452 (1960); *Math Igler's Casino v. Industrial Comm'n,* 394 Ill. 330, 68 N.E.2d 773 (1946); *Siebert v. Hoch,* 199 Kan. 299, 428 P.2d 825 (1967).

11. 33 U.S.C. §§ 901 *et seq.* (1976).

12. This case, therefore, is not governed by the "military base" cases cited by appellant. *See, e. g., Bailey v. United States, supra; United States v. Udy, supra; United States v. Brown-*

*ing,* 359 F.2d 937 (10th Cir. 1966). The courts in those cases ruled that the mere fact that an injury occurs on a military base where a civilian claimant's job is located is not enough to create a substantial question of FECA coverage where the claimants were injured off their job sites long after they had left work to go home. Here, of course, appellant was injured *during* work hours *at* her place of employment. Her injuries are therefore more job-related than those in the cases cited.

Secretary of Labor must be allowed to "make the initial determination of coverage to promote uniformity in the application of FECA." *Reep v. United States,* 557 F.2d 204, 208 (9th Cir. 1977).

*Affirmed.*