Marie MURRELL, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Shearman & Sterling,

and

American Motorists Insurance
Company, Intervenors.

No. 96–AA–1403.

District of Columbia Court of Appeals.

Argued May 21, 1997.

Decided June 26, 1997.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Charles F.C. Ruff, Corporation Counsel, with whom Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Nancy McCuthan Duden, Annapolis, MD, for intervenors.

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995 Repl.).

Before FARRELL and KING, Associate Judges, and BURNETT, Associate Judge of the Superior Court.*

KING, Associate Judge:

Petitioner Marie Murrell, a legal secretary employed by intervenor Shearman & Sterling, suffered a job-related injury in her left hand in the spring of 1994. Thereafter she filed a claim for workers' compensation benefits seeking a schedule award for a twenty percent permanent partial disability under the District of Columbia Workers' Compensation Act of 1979 ("Act").[1] Because the hearing examiner misapplied the holding of this court in *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95 (D.C.1988), as the ground for denying any disability award, we must reverse.

I.

The hearing examiner found that the employee had been a legal secretary for approximately twenty-two years, and that she had worked in that capacity for the law firm of Shearman & Sterling for about two years when symptoms of carpal tunnel syndrome arose out of, and in the course of, her employment. The condition became disabling in May 1994 and the employer made voluntary payment of temporary total disability benefits from then until October 1995.

The employee was treated by Dr. Robert A. Smith, an orthopedic surgeon, who performed surgery in March 1995. Dr. Smith subsequently submitted several written reports, describing Murrell's condition, which were included in the record before the hearing examiner. In a report submitted in September 1995, a Dr. Apostolo, who had been retained by intervenors, opined that the employee had no permanent impairment. The employee testified at the hearing, however, that she suffered from pain and weakness in her left hand and that she was physically unable to do as much typing as she had done when she was employed by Shearman & Sterling from February 1992 to May 1994.

1. D.C.Code § 36–301 et seq. (1993 Repl.).

In a written Compensation Order, without referring to either the employee's testimony, or to Dr. Apostolo's opinion, the hearing examiner denied the employee the benefits she sought. The hearing examiner, citing only to the reports submitted by Dr. Smith, ruled:

> By July 19, 1995, the record [Dr. Smith's report of that date] indicated claimant exhibited full range of left wrist motion with only mild residual pain from the surgery. Notwithstanding, Dr. Smith opined claimant's carpal tunnel condition had resolved. On October 25, 1995, Dr. Smith provided claimant with a twenty percent (20%) permanent impairment rating to her left upper extremity due *solely* to pain. However, pain is not a factor to be considered in determining a claimant's entitlement to a schedule award in this jurisdiction. *See Sharon Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95 (D.C.1988); *Otis Williams v. Washington Metro. Area Transit Auth.*, H & AS No. 91–1094, OWC No. 164521 (March 24, 1994); *Susan Henry v. Security Trust Co.*, H & AS No. 92–89, OWC No. 164708 (April 28, 1993). Accordingly, it was determined that claimant is not entitled to a schedule award for her left hand condition.

*Marie Murrell v. Shearman and Sterling, et al.*, H & AS No. 96–13, OWC No. 269460, p 5 (May 30, 1996) (emphasis in original). It is this ruling that the employee challenges in this court.[2]

## II.

In *Smith, supra,* the employee had incurred job-related injuries which caused her to miss some seventeen months of work. During that period she received temporary total disability benefits. After returning to work, the employee reached a stipulation with the employer that she had reached maximum medical improvement and that she was entitled to benefits in the nature of a schedule award for a five percent permanent partial disability. The agency approved the stipulation and the award was made. Approximately six months later the employee complained of a "flare-up" of her previous injury which caused her to again miss time from work. She then sought additional temporary total disability benefits which the agency denied because she had already received a permanent award for the same injury. We affirmed, holding that:

> The agency interpretation of the Act is that once an employee reaches maximum medical improvement and receives a schedule award for permanent partial disability under D.C.Code § 36–308(3), the employee is not entitled to temporary total disability benefits under § 36–308(2) for future wage loss arising out of the same injury. This interpretation is consistent with the Act's language, its legislative history, and the nature of its disability benefits scheme. Accordingly, we affirm the agency's decision denying Smith temporary total disability benefits on the ground that she was ineligible because of prior receipt of a schedule award for permanent partial disability arising out of the same injury.

*Id.* at 102. In the course of reaching that conclusion we discussed the purpose of the workers' compensation scheme, explaining some of the differences between compensation pursuant to it and the kinds of recovery available in tort litigation. We observed:

> Although the [Workers' Compensation] Act displaces the tort system for most work-related injuries, the benefits available under the Act are not conceptually equivalent to tort damages. Unlike the tort system, awards under the Act are not made to compensate for the physical injury itself, but rather to compensate for the disability which results from the injury, and thereby presumably affects earning capacity. 1 LARSON § 2.40, at 10–11 (1985). This is apparent from the Act's definition of disability, which is "physical or mental incapacity because of injury *which results in the loss of wages.*" D.C.Code § 36–301(8) (emphasis added). Thus, injuries that might result in large damage verdicts in tort actions result in

---

2. Petitioner contends that the hearing examiner's ruling is not supported by substantial evidence in that it ignores her testimony and misinterprets the opinions provided by Dr. Smith. In light of our disposition, we need not reach that question.

small or even no awards at all under the Act. *Similarly, the Act does not provide any compensation for pain and suffering regardless of how consequential such damages may be.* 1 LARSON § 2.40, at 11; *cf. Tredway v. District of Columbia,* 403 A.2d 732, 735 (D.C.) (no separate recovery for pain and suffering under the Federal Employees' Compensation Act), *cert. denied,* 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 92 (1979). In other words, compensation under the Act is predicated upon the loss of wage earning capacity, or economic impairment, and not upon functional disability or physical impairment.

*Id.* at 100 (emphasis added) (footnotes omitted).

The italicized passage, in the above quote, beginning with *"Similarly"* is the language relied upon by the hearing examiner in this case and in the two agency cases cited in the Compensation Order. *See Williams, supra,* and *Henry, supra.* Specifically the hearing examiner construed these general observations as a holding by this court that once any physical impairment has been eliminated, there can be no disability due solely to pain. That interpretation of the *Smith* case is faulty for two reasons. First, the passage relied upon was not a "holding" of the court—the court's only holding was contained in the language cited above where we affirmed the agency's ruling that once a permanent partial award has been received there can be no further temporary total disability awards for the same injury. *See Smith, supra,* at 102. Second, the language quoted does not say what the hearing examiner says it does. The *Smith* court was doing no more than observing that "pain and suffering," an accepted element of tort damages, *see e.g., Shomaker v. George Washington Univ.,* 669 A.2d 1291, 1295 (D.C.1995), cannot, as such, serve as a separate basis for an award in the workers' compensation system. The court did not say, as the hearing examiner here concluded, that there could be

3. Although they concede that the hearing examiner misread our holding in *Smith* for the reasons discussed above, intervenors contend that a proper interpretation of the Act produces the same result. That argument was not presented to the agency and its decision does not purport to

no disability (as defined by D.C.Code § 36–301(8) (1983)) based solely on pain—a question not considered or decided by the *Smith* court.[3] Therefore, because the hearing examiner rejected the request for a disability award based entirely on a misinterpretation of caselaw, we must reverse and remand to the agency for further consideration.

*So ordered.*

rest on that ground. We will not attempt to resolve that question in the first instance. *See Jones v. District of Columbia Dep't of Employment Servs.,* 519 A.2d 704, 709 (D.C.1987) ("An administrative order can only be sustained on the grounds relied on by the agency").