**URBAN LAND INSTITUTE et al., Plaintiffs,**

**v.**

**Jack GARRELL, Defendant, Jean C. Tang, Intervenor-Defendant.**

**Civ. A. No. 1927–71.**

United States District Court, District of Columbia.

June 22, 1972.

John F. Cooney, John C. Duncan, III, Washington, D. C., for plaintiffs.

Harold H. Titus, Jr., U. S. Atty., Joseph M. Hannon, Ellen Lee Park, Asst. U. S. Attys., Washington, D. C., for defendant.

Philip J. Lesser, Washington, D. C., for intervenor.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

The Urban Land Institute and its insurance carrier brought this suit to set aside a Labor Department award of workmen's compensation benefits to an employee of the Institute under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, 921(b), as made applicable to the District of Columbia by 36 D.C.Code § 501 (Supp. V 1972), for an "accidental injury . . . arising out of and in the course of employment . . ." 33 U.S.C. §§ 902(2) and 903. The matter is before the Court on cross-motions for summary judgment which have been fully briefed. The Court has reviewed the record of the evidence presented to the Department of Labor and finds that the decision should stand.

The employee of the Urban Land Institute, Jean C. Tang, was employed to keep membership lists accurate and to

perform other related clerical tasks until she ceased work for psychological reasons. The Department of Labor in examining her claim for workmen's compensation, found that various complaints received from members of the Institute whose cards were punched incorrectly by a co-worker, a rejection of a recommendation by Mrs. Tang's supervisor of a suggestion of hers, and an increase in the amount of work she was required to perform, all "aggravated her underlying obsessive and compulsive state and precipitated a marked worsening in the long-existing emotional condition," which required her to cease work and receive institutionalized, psychiatric care. The Department concluded that this constituted an injury arising out of and in the course of Mrs. Tang's employment at the Institute.

■ The Longshoremen's and Harbor Workers' Compensation Act, of course, contains a statutory presumption that a "claim comes within the provisions of [the Act]", 33 U.S.C. 920(a). Two recent cases of the United States Court of Appeals for the District of Columbia Circuit, Wheatley v. Adler, 132 U.S. App.D.C. 177, 407 F.2d 307 (1968) (*en banc*), and Mitchell v. Woodworth, 146 U.S.App.D.C. 21, 449 F.2d 1097 (1971), have laid down the rule in workmen's compensation cases that,

> [T]he statutory presumption brings within the Act a death that results in the course of employment when a pre-existing internal disorder takes a sudden turn for the worse, unless the record contains substantial evidence as to the cause of the collapse which shows that it was not aggravated or precipitated by a work-related factor.

132 U.S.App.D.C. at 182, 407 F.2d at 312; cited with approval, 146 U.S.App. D.C. at 23, 449 F.2d at 1099. If this principle applies to death cases, it must apply equally to cases involving non-fatal injuries as well since death and injury were placed on a par in the Act. 33 U.S. C. §§ 902(2) and (11), 903.

■ The evidence presented before the Department of Labor did contain substantial evidence indicating that the nervous reaction of Mrs. Tang was precipitated by the stressful pressures of her job. Although there was no one physical or external cause of the psychological injury, that does not appear to be necessary.

> It has been held a number of times, and we think correctly, that an accidental injury may occur notwithstanding the injured is then engaged in his usual and ordinary work, and likewise that the injury need not be external. It is enough if something unexpectedly goes wrong within the human frame.

Commercial Cas. Ins. Co. v. Hoage, 64 App.D.C. 158, 159, 75 F.2d 677, 678 (1935), cert. denied, 295 U.S. 733, 55 S. Ct. 645, 79 L.Ed. 1682 (1935); cited with approval, Wheatley v. Adler, *supra*, 132 U.S.App.D.C. at 181, n. 6, 407 F.2d at 311, n. 6.

■ Even though the instant case involves a psychological injury, there appears to be no rational basis for distinguishing this type of injury from the physiological injuries of a heart attack in *Wheatley* or cerebral vascular accident with intracerebral hemorrhage in *Mitchell*. All of these traumas involved "something unexpectedly go[ing] wrong within the human frame," Commercial Cas. Ins. Co. v. Hoage, *supra*, 64 App.D. C. at 159, 75 F.2d at 678, during the course of, and precipitated to some degree by, the employment. The "humanitarian nature" of the Act and the corollary to this, that doubts should be resolved in favor of claimants, Wheatley v. Adler, *supra*, 132 U.S.App.D.C. 182, 407 F.2d 313, reinforces the Court in the view that psychological injuries should be included within the purview of the Act. The fact that doctors cannot yet point to a physiological situs of the injury may only reflect the current state of knowledge about the human mind and personality.

The Department of Labor correctly applied the law and the decision of the Department is supported by substantial evidence. Plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted and the complaint dismissed. So ordered.