**Ralph RILEY, Petitioner,**

v.

**U. S. INDUSTRIES/FEDERAL SHEET METAL, INC.**

**and**

**Insurance Company of North America, Respondents.**

**No. 79–1417.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 25, 1980.

Decided May 22, 1980.

Rehearing Denied July 3, 1980.

James F. Green, Washington, D.C., with whom Joseph H. Koonz, Jr. and James A. Mannino, Washington, D.C., were on brief, for petitioner.

Richard W. Galiher, Jr., Washington, D.C., for respondents.

Gilbert T. Renaut, Washington, D.C., was on brief, for Director, Office of Workers' Compensation Programs, United States Dept. of Labor, intervenor, urging reversal.

Before WILKEY, WALD and EDWARDS, Circuit Judges.

Opinion for the court filed by Circuit Judge EDWARDS.

EDWARDS, Circuit Judge:

This appeal from a decision of the Benefits Review Board raises questions concerning the scope of the statutory presumption of compensability contained in the Longshoremen's and Harbor Workers' Compensation Act (the "Act").[1] At the initial hearing in this case before the administrative law judge ("ALJ"), petitioner's claim for compensation was denied. The decision of the ALJ was subsequently affirmed by the Benefits Review Board, with one member dissenting. Since we find that the decisions rendered at the administrative level misapplied the statutory presumption in considering petitioner's claim, we reverse and remand for reconsideration in light of the standards set forth in this opinion.

---

[1] Act of March 4, 1927, ch. 509, 44 Stat. 1124, as amended, 33 U.S.C. § 901 *et seq.* (1976), made applicable to the District of Columbia, with exceptions not relevant here, by the Act of May 17, 1928, ch. 612 §§ 1, 2, 45 Stat. 600, as amended, D.C.Code §§ 36–501, 36–502 (1973).

*See Cardillo v. Liberty Mut. Ins. Co.,* 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947). The statutory presumption of compensability is found in Section 20 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 920 (1976).

## I.

The petitioner, who is fifty-four years old, has been a sheet metal worker for approximately thirty-two years. Beginning in 1970, the petitioner has suffered recurring neck ailments which have been diagnosed as arthritic in origin. The incident giving rise to the instant claim allegedly occurred on November 19, 1975, when the petitioner was installing duct work into a ceiling at Walter Reed Hospital. At the hearing before the ALJ, petitioner represented that he struck his neck and shoulders on overhead duct work late in the afternoon as he was hoisting himself from the lower to the upper level of a scaffold. Petitioner's story was corroborated by the testimony of a co-worker who was on the job with petitioner on the day in question and with whom petitioner had maintained a friendship for fourteen years. There were no other witnesses to the alleged incident.

In the early morning after the occasion of the alleged accident, the petitioner awoke with severe pains in his neck, shoulders and arms, and was taken to the hospital. A heart attack was originally suspected, but doctors subsequently concluded that the petitioner's discomfort was due to an exacerbation of his arthritic condition. The record reveals some dispute as to whether the petitioner told his attending physicians about the accident which allegedly occurred while he was at work on November 19, 1975. There is also a dispute as to whether petitioner's friend and co-worker, who was the sole witness to the alleged accident, reported the incident to his superiors the next day.

The claimant filed a claim for permanent total disability under the Act on December 29, 1975. Following a two-day hearing and the submission of post-hearing depositions, the ALJ denied petitioner's claim in a decision dated June 22, 1978. The ALJ found "that Claimant sustained no injury within the meaning of Sec. 2(2) of the Act on November 19, 1975, as alleged, and that Claimant and [his friend] gave false testimony as to the happening of an accident." App. 93. In reaching these conclusions, the ALJ observed that:

In evaluating evidence on the issue of "injury", it is clear that while the Section 20 presemption [sic] is inapplicable to the happening of an accident and while the burden rests with the Claimant to prove an accident, *Murphy v. SCA/Shayne Bros.*, 7 BRBS 309 (1977), the evidence must nevertheless be construed in a light most favorable to Claimant and all doubts must be resolved in Claimant's favor.

App. 93.

In upholding the decision of the ALJ, a majority of the Benefits Review Board concluded that:

\* \* \* the administrative law judge's summary and analysis of the evidence are both supported by the record and consistent with the applicable law. There can be no question that the inferences drawn by the administrative law judge, *which led him to conclude that no accident occurred*, are reasonable and that the administrative law judge's conclusion on this point must be affirmed. (emphasis added)

App. 101.

The dissenting member of the Benefits Review Board urged that the decision of the ALJ should have been reversed because "the real issue in this case is not whether claimant sustained an accident at work but whether claimant's injury is causally related to his employment." App. 103. Both petitioner and intervenor (the Director of the Office of Workers' Compensation Programs, United States Department of Labor), have embraced the opinion of the dissenting member of the Benefits Review Board. Petitioner, in particular, argues that both the ALJ and the majority opinion of the Benefits Review Board, in focusing on the alleged "accident" of November 19, 1975, improperly denied claimant the benefit of a statutory presumption with respect to the issue of causation. Petitioner maintains, in other words, that he was denied the presumption that his *injury* "arose out of and in the course of" his employment, as the statute requires. We agree.

## II.

The statutory presumption of compensability, which appears at section 20(a) of the Act, 33 U.S.C. § 920(a), reads as follows:

In any proceeding for the enforcement of a claim for compensation under this Act it shall be presumed in the absence of substantial evidence to the contrary—

    (a) that the claim comes within the provisions of this Act.

Two other statutory provisions define and limit the scope of liability under the Act. Pursuant to 33 U.S.C. § 903, compensation shall be payable in respect of disability resulting from an "injury" covered by the Act.[2] "Injury" is defined to include, in part, "accidental injury or death arising out of and in the course of employment." 33 U.S.C. § 902(2). Judicial scrutiny of the Act has concerned itself primarily with the nature of a compensable injury and with the requirement that such an injury be "employment-bred"—that is, arising out of and in the course of employment. *See J. V. Vozzolo, Inc. v. Britton,* 377 F.2d 144, 149 (D.C. Cir. 1967).

## III.

█ On the record in this case, it can hardly be disputed that petitioner suffered an "injury" when he awakened in pain on November 20, 1975. Prior decisions in this Circuit make it plain that the pre-existence of petitioner's arthritic neck condition could not, without more, be deemed to be a determinative factor in this case. As was noted in *J. V. Vozzolo, Inc. v. Britton,* 377 F.2d at 147–48, "employers accept with their employees the frailties that predispose them to bodily hurt."

█ It is likewise clear that an "injury" need not be an external one in order to be covered by the Act. It is enough if "something unexpectedly goes wrong with the human frame." *See Wheatley v. Alder,* 407 F.2d 307, 313 (D.C. Cir. 1968) (*en banc*). The hospitalization of petitioner, during the early morning hours of November 20, 1975, is not questioned. Furthermore, both the preliminary diagnosis of a heart attack and the subsequent finding that the pain suffered by petitioner was due to an exacerbation of his arthritic neck condition indicate that the claimant's condition had taken a "sudden turn for the worse." *Id.* at 312. In the light of this evidence, which is undisputed, there can be no question but that petitioner suffered an "injury" as that term has been heretofore construed under the Act.

## IV.

Since the record here reveals that petitioner did, indeed, suffer an "injury," we must now turn our attention to the statutory presumption and the range of situations to which this Court has applied it. In cases where there has been no question with respect to the existence of an injury "in the course of" employment, the Act has been consistently interpreted to require that the injury be presumed to have arisen "out of" employment as well. *Mitchell v. Woodworth,* 449 F.2d 1097 (D.C. Cir. 1971); *Wheatley v. Adler,* 407 F.2d 307 (D.C. Cir. 1968) (*en banc*). "[T]he occurrence of an injury in the course of employment strengthens the presumption that it arises out of the employment, . . ." *Vendemia v. Cristaldi,* 221 F.2d 103, 105 (D.C. Cir. 1955), *quoted with approval* in *Wheatley v. Adler,* 407 F.2d at 312.

This Court has also consistently held that an injury need not have occurred during working hours in order to be compensable. In *Swinton v. Kelly,* 554 F.2d 1075 (D.C. Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976), the injury for which compensation was sought was a back ailment that became manifest almost a year after the claimant's work-related fall from a truck. The Court noted that "[t]he statutory presumption applies as much to the nexus between an employee's malady and his employment activities as it does to any other aspect of the claim." *Id.* at 1082 (footnote omitted). An even more striking example is found in *J. V. Vozzolo, Inc. v. Britton,* 377 F.2d 144 (D.C. Cir. 1967), where

---

2. Other limitations on compensability contained in section 903 are not relevant here.

a heart attack was held to be compensable although it was claimed to have stemmed from an employment-related incident occurring five years before. The Court applied the statutory presumption as follows:

> Moreover, the Act presumes that, in the absence of substantial evidence to the contrary, a compensation claim falls within rather than outside its provisions. The record makes no substantial evidentiary disclosure that would support the proposition that the [second] infarction was incited by anything outside the employment.

*Id.* at 150 (footnotes omitted).

This Court has also held that an injury need not be traceable to any particular work-related incident to be compensable. In *Butler v. District Parking Management Co.*, 363 F.2d 682 (D.C. Cir. 1966), we held that statutory presumption applicable to a mental breakdown apparently suffered as the cumulative result of the claimant's twenty years of service as a parking lot attendant. Similarly, it has been held that there is no requirement that the injury arise from any unusual work-related stress for the presumption to apply. *Mitchell v. Woodworth*, 449 F.2d 1097 (D.C. Cir. 1971); *Wheatley v. Adler*, 407 F.2d 307 (D.C. Cir. 1968) (*en banc*).

 ■ The foregoing cases make clear the pervasive scope of the statutory presumption of compensability. Indeed, no decision of this Court has ever failed to apply the presumption to any facet of any claim before it. We now hold expressly that where a claimant has been injured, the Act requires that, in the absence of substantial evidence to the contrary, a claimant be given the benefit of a rebuttable presumption that the injury arose out of and in the course of the claimant's employment.

## V.

 ■ There is no question in this case that the claimant suffered an injury; there-fore, he was entitled to the benefit of the statutory presumption that his claim was compensable. By focusing on the "accident" which allegedly occurred on November 19, 1975, and by requiring the claimant to prove that the accident did in fact occur, the ALJ denied the claimant the benefit of this presumption. The central finding, that no accident in fact occurred, is thus not responsive to the issue properly presented for resolution. The statutory presumption is not limited to the inference of a work-related incident from an injury, and neither is the scope of the employer's burden of coming forward with substantial evidence in rebuttal. Even if the asserted work-related incident had never occurred, the injuries suffered by the claimant might nevertheless have been "employment-bred." As a consequence, for purposes of this proceeding, petitioner was entitled to the presumption that they were.[3]

In a case of this sort, "[a]n administrative order must be set aside if it rests on factual premises not based on substantial record evidence or if the agency's underlying standards are not in accord with law." *Wheatley v. Adler*, 407 F.2d at 310. We are stymied in the application of this standard from the start. Because the ALJ and the Benefits Review Board relied upon a statutory presumption narrower than that elaborated here, the agency did not make all of the findings necessary for a proper disposition of petitioner's claim. We cannot anticipate what these findings will be. *See Vendemia v. Cristaldi*, 221 F.2d 103, 106 (D.C. Cir. 1955).

We hereby vacate the decision of the Benefits Review Board and remand the case for a full reconsideration of petitioner's claim in light of this opinion.

*So ordered.*

---

**3.** During the oral arguments in this case, a question arose as to whether the statutory presumption of compensability applies not only to the fact of causality, but also to the fact of injury. Since there is no issue concerning the occurrence of an "injury" in this matter, we find it unnecessary to address this question.