**NATIONAL PACIFIC INSURANCE, LTD, and WILLIAM REARDON LAW OFFICES, INC., Petitioners-Appellants,**

**v.**

**COMMISSIONER, ASG WORKMEN'S COMPENSATION COMMISSION, Respondent-Appellee,**

**WILLIAM REARDON, Real Party In Interest.**

High Court of American Samoa
Appellate Division

AP No. 16-02

April 12, 2004

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellant, Stephen M. Rummage and Jennifer L. Joneson
For Appellee, Martin D. McCarthy, Assistant Attorney General
For Real Party in Interest, Jeff Waller[1]

OPINION

GOODWIN, Acting Associate Justice:

This appeal presents two questions: (1) whether the challenged award was supported by substantial evidence, and (2) whether the Trial Division followed the law in affirming it.

## Background

On August 25, 1997, claimant William Reardon, an employee of William Reardon Law Offices, Inc., felt a severe headache while at work in his office preparing for an upcoming deposition. Shortly thereafter he lost consciousness. Upon being hospitalized, he was treated for hypertension and released. The next day, he was readmitted to the hospital after complaining of head-pain and dizziness. While in the hospital, he began to feel numbness on the left side of his body, which his treating physician, Dr. Aloiamoa Anesi, diagnosed as a stroke.

Reardon then went to Honolulu for specialized treatment, and on September 10, 1997, he filed a claim for workmen's compensation benefits with National Pacific Insurance Company, Ltd. ("NPI"), the workmen's compensation insurance provider for William Reardon Law Offices. NPI requested Reardon's medical records, and, by letter dated December 22, 1997, denied the claim on the ground that the disability was not sufficiently work-related to fall within the coverage of the insuring engagements.

The claim proceeded to the Workmen's Compensation Commission

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.

[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.

[1] Counsel moved to strike the Appellant's brief as untimely. The delay in filing the brief was explained as a good faith mistake in applying the appropriate rule, and the motion is denied.

("Commission"), where hearings were held on May 20, June 24, and June 30, 2000. At the hearings, Reardon testified that he anticipated the August 25th deposition would be the most difficult of his twenty-seven year legal career. (Hr'g Tr. Day 1 at 28.) Dr. Anesi opined that the stressful conditions preceding the deposition triggered Reardon's stroke. (*Id.* at 79.) In contrast, Dr. Satupaitea Rema Viali, an expert retained by NPI, attributed the stroke to Reardon's smoking, alcohol use and hypertension, but not his stress. (Hr'g Tr. Day 2 at 44.)

Because Dr. Anesi had treated Reardon at the time of the stroke, the Commission relied on Dr. Anesi's opinion in finding that the stroke "was triggered and accelerated by the stress condition [Reardon] experienced, emanated from his work and manifested in headaches and dizziness while working in his office." (*Id.* at 5.) The Commission awarded Reardon workmen's compensation benefits.

NPI appealed the award to the Trial Division of the High Court. After briefing and argument, the Trial Division affirmed the Commission's award. *Nat'l Pac. Ins. Co. v. American Samoa Gov't Workmen's Comp. Comm'n*, CA No. 75-01, slip op. (Trial Div. May 15, 2002). NPI now appeals to this court.

## Discussion

In American Samoa, as in a number of other jurisdictions, judicial review of workmen's compensation awards is governed by statute. The full text of A.S.C.A. § 32.0652(a) reads:

> If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the commissioner, and instituted in the High Court of American Samoa.

The language "not in accordance with law" has produced volumes of litigation in the field of industrial accident and workmen's compensation law. In sum, errors of law can be reviewed and remedied by each level of the reviewing courts, but findings of fact are to be reviewed deferentially.

U.S. Supreme Court Justice William O. Douglas, writing in an early case involving the question whether an injured workman was a harbor worker or a member of a vessel's crew, had this to say about the power of federal courts to set aside, in whole or in part, compensation orders if not in accordance with law: "In considering those provisions of the Act in the *Basset* case, we held that the District Court was not warranted in setting aside such an order because the court would weigh or appraise the

24

evidence differently. The duty of the District Court, we said, was to give the award effect, 'if there was evidence to support it.'" *Norton v. Wainer Co.,* 321 U.S. 565, 568 (1944) (citation omitted).

■ Likewise, the Commission's findings of fact will be upheld if supported by "substantial evidence." *Cont'l Ins. Co. v. Workmen's Comp. Comm'n,* 8 A.S.R.2d 152, 155 (App. Div. 1988). Whether substantial evidence exists "is limited to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. This need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment." *Id.* (citation and quotation marks omitted). The Commission's findings of fact are reviewed in light of the entire record. *Harris v. Comm'r of the American Samoa Gov't Workmen's Comp. Comm'n,* 29 A.S.R.2d 184, 186 (Trial Div. 1996).

■ If the record before the Commission contains evidence from which the Commission could have made the findings challenged in this appeal, and if the Trial Division ruled "in accordance with law," our function is concluded.

NPI contests the sufficiency of the evidence to support the award, arguing that the record does not support Reardon's account of his stress or Dr. Anesi's opinion about the cause of the stroke. In response, Reardon and the Commission point to the evidence that supports the Commission's award.

■ The Commission found that Reardon was under work-related stress in the days preceding his stroke. (Comm'r Decision at 5.) This finding is supported by Reardon's testimony that he was preparing for the most difficult deposition of his twenty-seven year legal career. The Commission could reasonably have relied on Reardon's account of the events and also could reasonably have concluded that he suffered work-related stress.

NPI's strenuous dispute that Reardon did not prove that he was under stress, and that he failed to prove that his condition was work-related, misperceives the function of an appellate court reviewing findings of fact. *See Cont'l Ins. Co.,* 8 A.S.R.2d at 155 ("The lower court's reference to factual conflicts upon which reasonable people may differ does not attempt to establish a new standard of review but rather explains the proper application of the 'substantial evidence' standard.").

The principal issue before the Commission was whether Reardon's paralytic onset was causally related to his work. The Commission found that Reardon's stroke was triggered by the stressful conditions of his work, citing Dr. Anesi's opinion. Dr. Anesi testified that Reardon's hypertension, though elevated for ten years, was highest when he had

been treated in the emergency room on August 25, 1997. (Dr. Anesi's Report May 20, 1999 at 2.) He concluded that Reardon's stress, as well as his coping mechanisms and hypertension, "contributed to the development of acute increase in blood pressure which precipitated vasospasms causing significant ischaemia and right pontine infarction." (*Id.* at 3.) The Commission, as the fact finder, was justified in relying on Dr. Anesi's testimony that the stroke was caused, in part, by stress. *See Palmer Coking Coal Co. v. Dir., Office of Workers' Comp. Programs of U.S. Dept. of Labor,* 720 F.2d 1054, 1058 (9th Cir. 1983) ("It is properly within the competency of the fact finder, not of the reviewing court, to credit or discredit evidence and to draw inferences from the credited evidence."). Thus, substantial evidence exists in the form of Dr. Anesi's report and his testimony to support the Commission's finding on causation.

▮▮▮▮ As a procedural matter, NPI argues that the Commission erred in refusing to allow testimony from a local attorney, a litigator in private practice, about the level of stress inherent in practicing law. There was no error. In *Cont'l Ins. Co.,* this court explained that the Commission "is purposely specialized in make up. [It] comprises a Commissioner, a medical member, a law member, a fiscal member, and an employee member." 8 A.S.R.2d at 156 n.1 (citing A.S.C.A. § 32.0505(b)). The Commission is not obligated to receive evidence on an issue within its competency, as it recognized in ruling that "private law practice is private law practice." (Trial Tr. Day 3 at 68.) Moreover, counsel for NPI accepted the Commission's decision without objection, saying, "I have no problem with that." (*Id.*) NPI cannot now cite as error a ruling with which it expressly agreed.

NPI also argues that American Samoa law requires a finding of "unusual stress," and that the Commission did not make such a finding. Reardon and the Commission dispute NPI's assertion that the Commission needed to find, or did not find, "unusual stress."

NPI cites the Trial Division's unpublished decision in *Felise v. Workmen's Comp. Comm'r,* CA No. 27-93, slip op. (Trial Div. Dec. 12, 1996). There, the claimant suffered two minor strokes while at work, leaving him partially paralyzed. *Felise,* CA No. 27-93, slip op. at 1. The Commission denied his request for total disability benefits. *Id.* at 2. On appeal, the Trial Division affirmed, ruling that petitioner had presented no evidence of a causal relationship between his job stress and his strokes. *Id.* at 3-4. The court elaborated that "even had petitioner offered such evidence, he would also have to show that the stress inherent in his job is greater than that which all workers are occasionally subjected." *Id.* at 4 (citing *Pence v. McSwain,* 623 N.E.2d 201, 203 (Ohio App. 1 Dist. 1993)).

■ A.S.C.A. § 32.0520 permits recovery of compensation benefits for "injury to or death of . . . employees arising out of and in the course of employment without regard to fault as to cause of the injury or death." American state courts are divided on whether "unusual stress" must be shown to recover benefits, with the majority not imposing the heightened standard. *See* 2 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 43.0311(2000); *accord Mudd v. Neosho Mem'l Reg'l Med. Ctr.,* 62 P.3d 236, 241 (Kan. 2003). The U.S. federal courts that have construed the federal Longshoremen's and Harbor Workers' Compensation Act ("Longshoremen's Act") have not required a showing of unusual stress for recovery. *See Wheatley v. Adler,* 407 F.2d 307, 311 (D.C. Cir, 1968) (en banc) ("The law in this jurisdiction does not require any unusual stress, and contemplates awards so long as the death or injury results from activity in the course of employment."); *see also Mitchell v. Woodworth,* 449 F.2d 1097, 1099 (D.C. Cir. 1971). Given that the American Samoa Workmen's Compensation Statutes closely resemble the Longshoremen's Act, these federal decisions are persuasive. *See Haleck v. Scanlan,* 4 A.S.R. 998, 1002 (App. Div. *1975).*

Here, however, we need not decide whether unusual stress must be shown to recover, because the Commission's opinion meets the heightened standard of unusual stress under *Felise.* Reardon presented substantial evidence that his stress preceding the stroke was atypical. In making its findings of fact, the Commission stated that Reardon had testified to being in a "very stress[ed] condition prior to and including August 25, 1997," and that Dr. Anesi had found that Reardon was "under a lot of mental/emotional [stress] then prior to the incident." (Comm'r Decision at 2, 3.) We cannot say that the stress inherent in taking a contentious deposition is no greater than the stress to which all workers are occasionally subjected. The question here was one of fact.

The compensation award is supported by substantial evidence and is in accordance with law. Accordingly, the Trial Division's ruling is AFFIRMED.

So ordered.